**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2009

Charles R. Fulbruge III
Clerk

No. 09-40246
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUILLERMO GOMEZ LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-895-1

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Guillermo Gomez Lopez appeals the sentence imposed following his guilty plea conviction of one count of illegal reentry into the United States. Gomez Lopez argues that his sentence is procedurally unreasonable because the district court did not give adequate reasons to support its choice of sentence and did not explicitly address his arguments in favor of a lesser sentence. He contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his sentence is substantively unreasonable because it is greater than necessary to achieve the goals of sentencing.

Gomez Lopez also argues, for the purpose of preserving the issues for possible Supreme Court review, that his within-guidelines sentence should not be presumed reasonable because U.S.S.G. § 2L1.2 is not empirically based and is penologically flawed and that this court's ability to review the propriety of his sentence is hampered by the lack of reasons given for the sentence imposed. These arguments are, as he concedes, unavailing under our prior jurisprudence. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), *cert denied*, 2009 U.S. LEXIS 6369 (U.S. Oct. 5, 2009); *see also United States v. Mondragon-Santiago*, 564 F.3d 357, 365-67 (5th Cir. 2009), *cert. denied,* 2009 U.S. LEXIS 6109 (U.S. Oct. 5, 2009). Gomez Lopez's remaining arguments are likewise unavailing.

Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38 (2007), we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez,* 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error." *Id*. at 752-53. If there is no such error, we then review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id*. at 751-53.

Gomez Lopez's argument concerning the procedural unreasonableness of his sentence was not presented to the district court and thus is reviewed for plain error only. *See Mondragon-Santiago,* 564 F.3d at 361. He has not met this standard with respect to his claim that the district court gave inadequate reasons to support its choice of sentence. *See id*. at 364-65. He likewise has failed to rebut the presumption of reasonableness that attaches to his within-

guidelines sentence.  *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.